UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
TUNDE A. ADEYI,

    *Plaintiff*,

-against-

UNITED STATES OF AMERICA,

    *Defendant*.
-----------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y
★ APR 17 2012 ★
BROOKLYN OFFICE

**MEMORANDUM AND ORDER**

12-CV-1230 (ENV)

**VITALIANO, D.J.**

    On March 2, 2012, plaintiff Tunde Adeyi, filed this *pro se* action against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* ("FTCA"). Plaintiff's request to proceed *in forma pauperis* is granted, but for the reasons that follow, the complaint is dismissed.

### Background

    According to the complaint, plaintiff was arrested at John F. Kennedy International Airport on March 12, 2001, at which time his luggage was seized and held by United States Immigration and Customs Enforcement ("ICE"). The luggage contained plaintiff's personal property.[1] Plaintiff asserts that the inventory he received did not list all of the items that were seized from him and significantly undervalued the worth of the items that were included in the inventory. Plaintiff sought the return of the items in a Return of Property Motion pursuant to Rule 41(g) of the Rules of Criminal Procedure filed in this Court on May 15, 2006. Adeyi v. United States, No. 06-CV-3842 (TLM)(LB) (E.D.N.Y. May 15, 2006).

---

    [1] Plaintiff's personal property included over 60 pounds of heroin. After the seizure, plaintiff was convicted of importation with intent to distribute heroin and was sentenced to a term of 156 months incarceration, which he is currently serving. See United States v. Adeyi, No. 01-cr-00351 (E.D.N.Y. 2001).



By letter dated August 28, 2006, the government informed the Court that plaintiff's baggage had been destroyed on November 17, 2004, after plaintiff failed to submit, within one year of the loss, the necessary paperwork to request the return of his property from ICE. The government filed a motion to dismiss on January 18, 2007, which plaintiff opposed.

By Order dated March 21, 2008, the Court granted the government's motion in part, dismissing plaintiff's claims for return of the property because the property was no longer available, and dismissing claims for money damages under Rule 41(g), the Administrative Procedure Act, the Federal Tort Claims Act, and the Tucker Act, as barred by the doctrine of sovereign immunity. Adeyi v. United States, No. 06-CV-3842 (TLM)(LB) (E.D.N.Y. March 21, 2008). The Court found that, although the FTCA waives sovereign immunity and permits some suits for damages against the United States, no waiver operated in this case. More specifically, the Court determined that the FTCA's waiver of sovereign immunity was foreclosed by 28 U.S.C. § 2680(c), which expressly exempts from the FTCA's ambit "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs."

However, the Court's March 21, 2008 Order also denied the government's motion to dismiss in part, construed plaintiff's claim as a cause of action under Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S. Ct. 1999 (1971), and permitted that claim to go forward. The case proceeded to a bench trial before the Honorable Tucker L. Melancon on February 9, 2011. The Court found in favor of defendants and dismissed the case with prejudice. Plaintiff filed a notice of appeal, which is pending before the United States Court of Appeals for the Second Circuit.

In the meantime, plaintiff filed an administrative claim with the Department of Homeland Security ("DHS") on October 26, 2010. His claim asserted the loss of property in the amount of $5

million and personal injury in the amount of $10 million. By letter dated September 7, 2011, DHS denied Adeyi's claim as barred by the statute of limitations. The letter identified an accrual date for the claim of November 7, 2005, the date on which plaintiff learned of the destruction of his property, as stated in his January 14, 2009 deposition. Moreover, the letter stated that even if the claim was not time-barred, it would be barred by sovereign immunity pursuant to 28 U.S.C. § 2680(c), as was decided in the Court's March 21, 2008 Order.

Plaintiff filed the instant civil action on March 2, 2012, reasserting claims against the United States under the FTCA. He *again* alleges the loss of property from the baggage seized on March 12, 2001, including bank cards, hearing aid cleaning equipment, jewelry, audio and video tapes, photographs, documents, clothing, and shoes. Plaintiff claims the government was negligent in destroying his property and seeks damages in the amount $15,000,000.

## Discussion

A. Legal Standards

Title 28 of the United States Code, § 1915A requires district courts to review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). At the same time, a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct 2197 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," a court must grant leave to amend the

3

complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

B. Plaintiff's Claim is Precluded

Another judge of this Court has previously considered plaintiff's claim for his seized luggage under the FTCA and found that, even if he had properly exhausted his claim at that time (the Order stated that there was no evidence that he had done so), the FTCA did not waive sovereign immunity for claims arising out of "the detention of any goods, merchandise, or other property by any officer of customs," under 28 U.S.C. § 2680(c). Adeyi v. United States, No. 06-CV-3842 (TLM)(LB) (E.D.N.Y. March 21, 2008).

Accordingly, that claim is now precluded by the doctrines of collateral estoppel and *res judicata*, which "protect parties from having to relitigate identical claims or issues and ... promote judicial economy." Transaero, Inc. v. La Fuerza Aerea Boliviana, 162 F.3d 724, 731 (2d Cir. 1998). Collateral estoppel "bars a party from raising a specific factual or legal issue in a second action when the party had a full and fair opportunity to litigate the issue in a prior proceeding," and the issue was actually litigated. Id. *Res judicata* "bars litigation of any claim for relief that was available in a prior suit between the same parties or their privies, whether or not the claim was actually litigated." Id. In plaintiff's prior case, the Court fully considered the exact issue presented by plaintiff's instant complaint: whether it had subject matter jurisdiction to hear plaintiff's claim under the FTCA's waiver of sovereign immunity. It found that it did not. Accordingly, collateral estoppel bars plaintiff's claims and *res judicata* further bars any other claims plaintiff could have brought in his earlier case.

C. Plaintiff's Claim is Not Timely

Even if plaintiff's claim here were not precluded by his past adjudication of the same issue, the claim is, nonetheless, barred as untimely under the FTCA. In order to bring a claim in federal district

4

court pursuant to the FTCA, a claimant must first exhaust his administrative remedies by "presenting [the claim] in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). In this case, the accrual date for plaintiff's claim was the date he learned of the destruction of his property, on November 7, 2005. Thus, he was required to file his claim with DHS on or before November 7, 2007. He did not file his claim until nearly three years later, on October 26, 2010. As a consequence, this Court is without jurisdiction to hear plaintiff's FTCA claim against the United States. See Johnson v. Smithsonian Inst., 189 F.3d 180, 189 (2d Cir. 1999)(a district court lacks subject matter jurisdiction over a plaintiff's FTCA claim, unless the plaintiff complies with the requirement that the claim be presented in writing to the appropriate Federal agency within two years after the claim accrues).

## Conclusion

Plaintiff's request to proceed *in forma pauperis* is granted, but the action is dismissed with prejudice. 28 U.S.C. § 1915A(b). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962).

The Clerk of Court is directed to enter judgment for defendant and to close this case.

**SO ORDERED.**

Dated: Brooklyn, New York
April 13, 2012

ERIC N. VITALIANO
United States District Judge